20687

S. K. BROWN, First Baptist Church of Augusta, Georgia, Inc., Augusta Rescue Mission, The First National Bank and Trust Company of Augusta as trustee for Solomon K. Brown, III, Marian Patricia Brown and Carolyn Elizabeth Brown. Appellants, v. AIKEN COUNTY, Respondent.

(244 S. E. (2d) 514)

*Douglas S. Garvin* of *Garvin, Grant, Fox, Nuessle, Zier & Burkhalter* and *Henry Summerall, Jr.,* Aiken, *for respondent.*

*Joseph O. Rogers, Jr.,* of *Rogers, Riggs & Rickenbaker,* Manning, *for appellants.*

May 16, 1978.

LEWIS, Chief Justice:

This action involves the right of respondent, Aiken County, to acquire, through condemnation, the fee to a 72 acre tract of land owned by appellant, A. K. Brown and others, for use in connection with the Horse Creek Basin Waste Water Treatment project. Respondent sought to justify the acquisition of the fee to appellants' land on the grounds that (1) it will provide land for future expansion

of the treatment project and (2) it will be used to deposit sluge and grit which is a by-product of the treatment process. The lower court upheld respondent's right to acquire the fee in the lands involved, and this appeal by the land-owners followed.

The authority of respondent to acquire an easement to the subject property is not in issue. The sole question to be decided is whether there was sufficient showing to justify the acquisition of the fee.

The question of whether the right of respondent to condemn the present lands can be raised in this proceeding is not considered. It was not presented in the lower court and cannot now be raised for the first time on appeal.

The authority of respondent to exercise the power of eminent domain is conferred by the following provisions of Section 28-5-30 of the 1976 Code of Laws, a part of the Public Works Eminent Domain Law:

Any Federal agency, State public body or authorized corporation may institute proceedings hereunder for the acquisition of any real property necessary for any public works project.

The foregoing statutory language includes the authority to acquire fee simple title to real property where necessary for the construction and operation of any public works project.

It is well settled that, where the authority is granted to condemn the fee, whether the fee is condemned, or some lesser estate, rests within the discretion of the condemnor, subject to review by the courts in case of fraud, bad faith, or abuse of discretion. *Kunkle v. South Carolina Electric and Gas Co.,* 251 S. C. 138, 161 S. E. (2d) 163; *Atkinson v. Carolina Power & Light Co.,* 239 S. C. 150, 121 S. E. (2d) 743.

The lower court, recognizing the foregoing principles, held that there was sufficient showing of "the necessity for taking the fee" to the property involved. This finding is amply supported by the record and we affirm.

The testimony shows that a substantial amount of dirt or borrow material will be obtained immediately from appellants' property and that there are plans to construct a sanitary land fill on the property for the disposal of grit and sludge which is a by-product of the Waste Water treatment process. In addition, there is testimony which reveals a genuine possibility that appellants' land will be utilized in the future in the construction of an additional facility to serve contemplated future industrial development in the area. As observed in *South Carolina State Ports Authority v. Kaiser,* 254 S. C. 600, 176 S. E. (2d) 532, "the mere fact that plans for contemplated future uses of the property were not yet firm or definite would be insufficient to show either bad faith or abuse of discretion."

Under these facts, the contemplated present and future uses of appellants' land support the findings of the lower court that acquisition of the fee was justified.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.